RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1 / 16 / 13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT ANDREW REED | DOCKET NO. 12-CV-2951; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is one of several petitions for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Robert Andrew Reed. Petitioner is an inmate from the District of Columbia who is incarcerated at United States Penitentiary in Pollock, Louisiana. He claims that a detainer placed on him by the State of Maryland is fraudulent and illegal.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner claims that the State of Maryland lacks jurisdiction over him, so the detainer that has been lodged against him by the State of Maryland is illegal and invalid. He also claims that the State of Maryland has violated his property rights. Section 2241 provides the general jurisdictional basis for federal courts to consider challenges to both state and federal judgments. Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective

jurisdictions." To entertain a 2241 habeas petition, the district court must have jurisdiction over the prisoner or his custodian. United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990). In the case of a detainer, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer.   See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 4999 (1973).  "[A] habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" Rumsfeld v. Padilla, 524 U.S. 426, 438 (2004).

Here, Petitioner is in the immediate custody of prison officials in this District because he is confined at the United States Penitentiary in Pollock, Louisiana. Petitioner, however, challenges a form of custody **other than** his present physical confinement.  He challenges a detainer regarding **future custody** issued by the State of Maryland.  Thus, the most proper forum in this action is the state of the challenged custody, the State of Maryland.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done sua sponte.

2

Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989). Petitioner alleges that a detainer was issued by the State of Maryland. Therefore, although jurisdiction is proper in the Western District of Louisiana because the prisoner is confined within this district court's territorial boundaries, the interests of justice would best be served if this petition were transferred to the division in which the detainer was issued.

Therefore, **IT IS RECOMMENDED** that the petition be transferred to the United States District Court for the District of Maryland.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 16th day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE